799 So.2d 820 (2001)
LOUISIANA WORKERS' COMPENSATION CORPORATION, Plaintiff-Appellee,
v.
Carl GRAY, Defendant-Appellant-Appellee.
No. 35,198-WCA.
Court of Appeal of Louisiana, Second Circuit.
October 31, 2001.
*821 Street & Street by C. Daniel Street, Monroe, Counsel for Appellant-Appellee, Carl Gray.
Egan, Johnson & Stiltner by Patricia J. Delpit, Baton Rouge, Counsel for Appellee, Louisiana Workers' Compensation Corporation.
Hudson, Potts & Bernstein by Brian P. Bowes, A. Jill Futch, Monroe, Counsel for Appellant, Janet L. Papworth.
Before GASKINS, KOSTELKA and DREW, JJ.
KOSTELKA, J.
Carl Gray ("Gray") appeals the dismissal of his claim against the Louisiana Workers' Compensation Corporation ("LWCC") by the Workers' Compensation Judge ("WCJ"). Additionally, Janet Papworth ("Papworth") appeals the granting of Gray's exceptions of no cause of action and res judicata by the WCJ. For the following reasons, we affirm the judgment in favor of the LWCC and dismiss the appeal brought by Papworth.

FACTS
This appeal stems from two separate judgments; however, the facts arise from the same matter, which was previously appealed to this court in Louisiana Workers' Compensation Corp. v. Gray, 34,731 (La.App.2d Cir.05/09/01), 786 So.2d 310 ("LWCC I"). The two judgments and the parties at issue in each, respectively, are: (1) the September 8, 2000 judgment involuntarily dismissing Gray's motion for sanctions which Gray appeals; and (2) the November 13, 2000 judgment in favor of Gray, which is appealed by Papworth.[1]
As the facts in LWCC I reflect, this matter arises from the work-place injury of Gray, which occurred in September, 1994 and resulted in neck surgery to remove a ruptured disc. Additional facts can be found in LWCC I. In the previous litigation, LWCC claimed that Gray had committed workers' compensation fraud, a violation of La. R.S. 23:1208, by making various false statements to his vocational rehabilitation counselor, Papworth, among other allegations of fraud by LWCC. There, the WCJ rejected LWCC's claim for forfeiture of benefits and awarded Gray a penalty and attorney fees, which LWCC appealed. In LWCC I, this court affirmed the WCJ's finding on the forfeiture issue, but reversed the portion awarding a penalty and attorney fees. See, LWCC I, 786 So.2d at 317.
After the previous trial, which was the subject of LWCC I, Gray filed a motion for sanctions against LWCC and Papworth alleging *822 that LWCC and Papworth had violated La. R.S. 23:1208 by falsely accusing Gray of fraud, specifically in the trial testimony of Papworth. Papworth filed an answer to Gray's motion, and also raised dilatory and declinatory exceptions, wherein she specifically cited lack of jurisdiction, insufficiency of citation, insufficiency of service of process, and the unauthorized use of summary proceedings. Her exception of unauthorized use of summary proceedings was granted, and the claim against her dismissed, without prejudice, by the WCJ at the July 17, 2000 hearing on Gray's motion. A formal judgment of that ruling was signed December 1, 2000. Additionally, at that same hearing, the WCJ dismissed the claim against LWCC and judgment was signed September 8, 2000. Gray appeals that judgment.
However, after the WCJ's ruling made in open court wherein Papworth was dismissed, Papworth filed a Motion to Strike the allegations made by Gray in his motion for sanctions. In response, Gray filed his Peremptory Exceptions of Res Judicata and No Cause of Action, and a hearing was held before the WCJ. The exceptions were granted and judgment signed November 13, 2000, which Papworth appeals.

DISCUSSION

Gray's Appeal of the September 8, 2000 Judgment
After the hearing of July 17, 2000, the WCJ dismissed Gray's motion for sanctions against LWCC. A final judgment was entered on September 8, 2000, which Gray appeals, arguing that the WCJ erred in finding that he failed to prove any willful intent of LWCC.
It is a well-settled legal principle that the factual findings in workers' compensation cases are entitled to great weight. Reasonable evaluations of credibility and reasonable inferences of fact will not be disturbed even though the appellate court may feel that its own evaluations and inferences are as reasonable. The trial court's factual determinations shall not be disturbed in the absence of a showing of manifest error. When the trier of fact's findings are reasonable in light of the entire record, an appellate court may not reverse a choice between two permissible views of the evidence. Therefore, the appellate standard of review applicable to the findings of a WCJ is the manifest error-clearly wrong test. Buxton v. Sunland Const., 34,995 (La.App.2d Cir.08/22/01), 793 So.2d 526, citing, Shelton v. Wall, 614 So.2d 828 (La.App. 2d Cir.1993).
In his motion for sanctions, Gray alleged that LWCC and Papworth violated La. R.S. 23:1208 in connection with the litigation of LWCC I. Specifically, he points to one statement made by Papworth that he asserts was, in fact, untrue. At the hearing on Gray's motion for sanctions, the WCJ did find that Papworth's statement was indeed false but ultimately concluded that Gray failed to prove willful intent by LWCC, which Gray urges was error.
La. R.S. 23:1208 states, in pertinent part, as follows:
A. It shall be unlawful for any person, for the purpose of obtaining or defeating any benefit or payment under the provisions of this Chapter, either for himself or for any other person, to willfully make a false statement or representation.
B. It shall be unlawful for any person, whether present or absent, directly or indirectly, to aid and abet an employer or claimant, or directly or indirectly, counsel an employer or claimant to willfully make a false statement or representation.
. . . .

*823 D. In addition to the criminal penalties provided for in Subsection C of this Section, any person violating the provisions of this Section may be assessed civil penalties by the workers' compensation judge of not less than five hundred dollars nor more than five thousand dollars, and may be ordered to make restitution. Restitution may only be ordered for benefits claimed or payments obtained through fraud and only up to the time the employer became aware of the fraudulent conduct.
. . . .
Because La. R.S. 23:1208 is penal in nature, it must be strictly construed. Smalley v. Integrity, Inc., 31-247 (La.App.2d Cir.12/09/98), 722 So.2d 332, writ denied, 99-0072 (La.03/19/99), 739 So.2d 782; Chevalier v. L.H. Bossier, Inc., 95-2075 (La.07/02/96), 676 So.2d 1072.
Under La. R.S. 23:1208, a civil penalty may be imposed if the following requirements are proved: (1) there is a false statement or representation; (2) it is willfully made; and (3) it is made for the purpose of obtaining or defeating any benefit or payment. Resweber v. Haroil Const. Co., 94-2708 (La.09/05/95), 660 So.2d 7. All three requirements must be present before a penalty will be imposed. Carver v. U.S. Copy, Inc., 96-611 (La.App. 5th Cir.03/25/97), 694 So.2d 423, writ denied, 97-1507 (La.09/26/97), 701 So.2d 986.[2]
Here, there was only one statement that Gray alleged was falsely made in an attempt by LWCC to defeat Gray's benefits that statement being the one by Papworth wherein she stated that Gray was untruthful when he told her his doctor had released him for only five hours of work a day. Gray argued in his motion for sanctions that LWCC offered this testimony to the WCJ in an attempt to persuade the court that Gray was making false statements. Later, at the trial, it was shown that the statement by Gray that he was released only for a limited day's work was actually true.
At the hearing, the WCJ considered the statements that Papworth had previously made and the argument by the parties. She concluded that whereas Papworth's statement was false, Gray had failed to prove that it was offered in a willful intent to defeat Gray's benefits. During the hearing on Gray's motion, the WCJ carefully considered the evidence presented, and made the following conclusions:
[I] also find that [Gray] failed to prove that [Papworth's statement] was made for the purpose of defeating the benefit. He's asking the court to make that determination because he's saying what other reason would [the statement] have been made? I don't know what other reason it may have been made. Ms. Papworth could have misstated it. She could have misread something. It could have been as a result of a miscommunication with her attorney. I don't know the reason that the false statement was made. It is the mover, or the person who is alleging 1208 fraud to show that it was made for the purpose of defeating benefits. I cannot just liberally find that because it was a false statement that Ms. Papworth intended to make the *824 false statement. I can't find that she decided to put her entire career on the line to help LWCC defeat Mr. Gray from receiving benefits. I don't know. And so, I can't make any just determination from what's been presented to me that that was an intent.
Gray presented no evidence indicating the circumstances surrounding Papworth's statementonly his argument that it was offered to defeat his benefits. Considering the evidence presented at the hearing, the WCJ's reasoning is valid. The evidence supports the WCJ's ruling that Gray failed to prove the necessary intent required to impose a penalty on LWCC under La. R.S. 23:1208. Therefore, we conclude that the WCJ was not manifestly erroneous in dismissing Gray's motion for sanctions against LWCC.
Therefore, it is unnecessary to address Gray's assignment of error regarding the amount of penalty to be assessed for LWCC's alleged violation of the statute.

Papworth's Appeal of the November 13, 2000 Judgment
Additionally before us is Papworth's appeal of the November 13, 2000 judgment wherein the WCJ granted certain exceptions filed by Gray and dismissed Papworth's motion to strike allegations. Papworth raises general assignments of error that the WCJ erred in granting Gray's exceptions.
The record does not indicate the precise date that Papworth's motion to strike was filed in the proceedings below; however, LWCC filed a similar motion which the record indicates was filed on September 12, 2000. Gray's Peremptory Exceptions filed on October 19, 2000 refer to the motions to strike by both Papworth and LWCC, so, presumably, her motion to strike was filed prior to that date.[3] The November 13, 2000 judgment was in favor of Gray on his exceptions and dismissed the claims made by Papworth and LWCC in their motions to strike. As stated previously, although LWCC appealed the judgment, no assignments of error were ever raised nor was an appellate brief ever filed. We, therefore, consider that appeal abandoned and will not address its merits.
On July 17, 2000, a hearing was conducted wherein the WCJ, in open court, dismissed all claims against Papworth, without prejudice, based on certain exceptions that had been filed by Papworth as to Gray's motion for sanctions. However, as previously noted, a judgment on the WCJ's ruling was not signed until December 1, 2000, after the November 13, 2000 judgment that Papworth is actually appealing. Nonetheless, the December 1, 2000 judgment clearly dismissed all claims against Papworth. Obviously, when Papworth filed her motion to strike in September, 2000, she knew there was no existing claim against her as a result of her request to be dismissed for improper use of summary proceedings.
Clearly, as of the judgment of December 1, 2000, no claim existed against Papworth. Thus, when Papworth filed her motion for appeal, no claim existed against her and she was no longer, if ever, a party to the litigation. Any claim against Papworth was terminated and ceased to exist. Therefore, her appeal before this court is obviously moot. Upon Papworth's dismissal, the claim against her contained *825 in the motion for sanctions ceased to exist i.e., it was as if it was stricken from the record. As a result, the issue before us was rendered moot, and, accordingly, Papworth's appeal is dismissed.

CONCLUSION
For these reasons, the judgment of September 8, 2000 dismissing Gray's motion for sanctions against LWCC is affirmed. Additionally, Papworth's appeal is hereby dismissed. Costs are assessed equally to Gray and Papworth.
AFFIRMED IN PART; DISMISSED IN PART.
NOTES
[1] The record indicates that LWCC separately appealed the November 13, 2000 judgment as well; however, no brief was ever filed in support of that appeal, nor were any assignments of error ever raised by LWCC as to that judgment. Therefore, we consider that appeal abandoned. See, La. C.C.P. art. 2165.
[2] The vast majority of the reported cases involve misrepresentations by a claimant to his employer or insurer. However, the statute clearly applies to "any person" who "willfully make[s] a false statement or representation" and can be applied equally to the statements made by employers or insurers as to those made by claimants. See, CENLA Steel Erectors v. McDonald, 98-1355 (La.App. 3d Cir.03/03/99), 737 So.2d 82, writ denied, 99-0940 (La.05/14/99), 741 So.2d 669. Clearly, the same analysis would apply in this instance.
[3] Papworth's motion to strike was not initially included in the appellate record and the indices of documents provided by the Office of Workers' Compensation does not refer to it. Her motion to strike was added to the appellate record pursuant to Papworth's Motion to Supplement the Appellate Record, wherein she states that the motion to strike was filed on September 1, 2000.