JjPEATROSS, J.
This appeal arises from a workers’ compensation judgment in favor of plaintiff-appellee, Randolph Wilkes (“Mr. Wilkes”), and against defendant-appellant, Ivan Smith Furniture Company (“Ivan Smith”), in which the former was awarded $180 per week for temporary total disability, medical expenses and legal interest and costs.[1] Mr. Wilkes’ request for penalties and attorney fees and Ivan Smith’s assertion of forfeiture of benefits were denied. From this ruling, Ivan Smith appealed. For the reasons set forth herein, the judgment of the trial court is affirmed.

FACTS

Mr. Wilkes was hired by Ivan Smith on May 23, 2002, to unload trucks and to receive and stock merchandise. Several years earlier, while he was living in Texas, Mr. Wilkes injured his back during a fight. This injury required spinal surgery to repair a herniated disc in his lower back. He had been symptom-free ever since the surgery.
When he applied for work at Ivan Smith, Mr. Wilkes was given a “Confidential Second Injury Fund Questionnaire” (“questionnaire”) that, among other things, inquired into his medical history — including specific questions about herniated discs, surgical removal of a disc and/or spinal fusion; previous injuries sustained to the back; physical impairment or disability of any sort and a section for general description of any prior medical treatment or injuries. In response to the questionnaire, Mr. Wilkes checked the “no” box to each above-listed injury and left blank the general medical treatment section and follow-up sections. Mr. Wilkes also _J^indicated on the form that he had never received any workers’ compensation or disability benefits. The bottom of the questionnaire included the following statement in type face and point larger than the rest of the text (but not in bold faced block lettering):
I certify that the above answers are true and I understand that any false or misleading statement may be reason for denial of workers compensation benefits and/or termination of employment.
Notwithstanding the incorrectness of his answers on the questionnaire, Mr. Wilkes *783 signed the questionnaire and began work at Ivan Smith.
On or around July 11-12, Mr. Wilkes notified Mary Antee (“Ms. Antee”), a human resources worker at Ivan Smith, that he needed insurance information for a medical bill, at which time Ms. Antee notified him that he had rejected the medical benefits plan and did not have any coverage. Upon hearing this information, Mr. Wilkes informed Ms. Antee that he had sustained an injury at work several weeks earlier. This was the first mention of an injury of any sort by Mr. Wilkes to Ivan Smith.
Ms. Antee had Mr. Wilkes fill out an accident report, in which he stated that he was injured on June 22, 2002, while stacking bed rails for Ivan Smith. Mr. Wilkes testified that, on that day, he felt something pull in his lower back and began to limp as a result. His immediate supervisor, Larry Meshell (“Mr. Meshell”), noticed the limp that day and instructed him to go home; however, according to Mr. Meshell, Mr. Wilkes stated that his back hurt from riding his bike to and from work daily and that it was |snothing to be concerned about.[2] He did not tell Mr. Me-shell that he had suffered an on-the-job injury. Mr. Wilkes finished work that day and returned the following Monday and Tuesday, and even worked some overtime during those days.
Mr. Wilkes first sought medical treatment for this work-related injury on June 26, 2002, when he presented at LSU Health Science Center (“LSU-HSC”) complaining of back pain with no history of trauma.[3] He took off work that day. A subsequent visit to LSU-HSC resulted in an MRI of his lower back, which revealed the 1999 lumbar surgery. He was later diagnosed with a herniated intervertebral disc.
Mr. Wilkes admitted under oath to the concealment from Ivan Smith of his 1999 surgery, as well as his false statements on his employment questionnaire. He further admitted, under cross examination, to having twice made workers’ compensation claims, contrary to his statements on the employment questionnaire.
Considering the incorrectness of the disclosures by Mr. Wilkes, coupled with his alleged statement to Mr. Meshell that his back pain was from riding his bike and the lack of witnesses to his injury, Ivan Smith and its insurer, American Zurich Insurance Company (“Zurich”), denied Mr. Wilkes’ eventual claim for workers’ compensation benefits. This litigation ensued.

\ ¿ACTION OF THE TRIAL COURT

This matter was tried on June 18, 2003, and judgment was rendered on January 20, 2004. The Workers’ Compensation Judge (“WCJ”) awarded Mr. Wilkes benefits for temporary and total disability in the amount of $180 per week, commencing July 14, 2002. Mr. Wilkes was also awarded medical bills and expenses, legal interest and costs. Mr. Wilkes’ request for attorney fees and Ivan Smith’s assertion of forfeiture of benefits were denied. No reasons for judgment were given. This suspensive appeal followed.

STANDARD OF REVIEW

Factual findings in workers’ compensation cases are subject to the manifest error rule. Hoy v. Gilbert, 98-1565 *784 (La.3/2/99), 754 So.2d 207. Under the manifest error rule, the reviewing court does not decide whether the factual findings are right or wrong, but, rather, whether they are reasonable. Stobart v. State through Dept. of Transportation & Development, 617 So.2d 880 (La.1993); Graham v. Georgian-Pacific Corp., 26,165 (La.App.2d Cin9/23/94), 643 So.2d 352. The manifest error standard of review applies in workers’ compensation actions even when the trial court’s decision is based solely on written reports, records or depositions. Bruno v. Harbert International, Inc., 593 So.2d 357 (La.1992).
When there is a conflict of testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed even though the appellate court may feel its own inferences and evaluations are [¿reasonable. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978). In applying the manifest error standard, appellate courts must keep in mind that their initial function is not to decide factual issues de novo, and, where there are two permissible views of the evidence, the fact finder’s choice between them cannot be manifestly erroneous or clearly wrong. Rosell v. ESCO, 549 So.2d 840 (La.1989). Whether the claimant has carried his burden of proof and whether testimony is credible are questions of fact to be determined by the hearing officer which are subject to the manifest error rule. Harris v. Casino Magic, 38,137 (La.App.2d Cir.1/28/04), 865 So.2d 301, writ denied, 04-0502, (La.4/8/04), 870 So.2d 275.

DISCUSSION

Hearing Officer Emor— Mr. Wilkes’ Injury
Ivan Smith argues that Mr. Wilkes failed to carry his burden of proof to demonstrate that he was injured while in the course- and scope of his employment. Mr. Wilkes argues, by way of contrast, that his testimony, the testimony of three employees and the medical records he provided, at trial were sufficient to. meet his burden. We agree with the latter.
In order to recover workers’ compensation benefits, an employee must first prove that he suffered an injury by an accident arising out of and in the course of his employment. La. R..S. 23:1031(A). An accident is defined under' La. R.S. 23:1021(1) as an: "
unexpected or unforeseen actual, identifiable, precipitous event happening suddenly or violently, with or without human fault, directly producing at the time objective findings of an injury which is more than simply a gradual deterioration or progressive degeneration.
|fiThe employee has the burden of proof to establish, by a preponderance of the evidence, that the work-related accident occurred. Burns v. Beauregard Nursing Center, 94-131 (La.App. 3d Cir.10/5/94), 643 So.2d 443. The worker’s testimony alone may be sufficient to satisfy this burden, provided that two elements are satisfied: first, there must be no other evidence which discredits or casts serious doubt on the worker’s version of the incident; and second, the worker’s testimony must be corroborated by the testimony of fellow workers, spouses and other close family members, friends or the introduction of medical evidence. Bruno, supra.
Ivan Smith argues that the record casts serious doubt on Mr. Wilkes’ injury and that it lacks any corroboration, per the standard set out in Bums, supra. Ivan Smith points to Mr. Wilkes’ untruthfulness on his employment questionnaire, his questionable background and the lack of any corroborating evidence to buttress his position in support of this argument. Accordingly, Ivan Smith argues that the *785 WCJ was manifestly erroneous in his ruling and failed to follow the dual element test set out in Bruno, supra.
Mr. Wilkes argues that any conflicting evidence presented in the record does not give rise to the level of “serious doubt” sufficient to disregard his testimony as to the occurrence of the accident. Mr. Wilkes points to the testimony of Mr. Me-shell, Ms. Antee and Pamela Kimbal (“Ms. Kimbal”),[4] all of whom corroborated his version of the story. Mr. Meshell testified that Mr. Wilkes was not limping when he arrived at work on June 22, but stated that, “... later that day ... [his limp] was getting |7worse.” Ms. Antee testified that she was not working the day that Mr. Wilkes was injured, and, therefore, he could not have reported an injury to her.[5] Ms. Kimbal testified that Louisiana law requires that an employee must report an injury within 30 days of its occurrence, and that, in the case sub judice, Mr. Wilkes did report his injury within that time period.
Similarly, Mr. Wilkes points to the medical records from LSU-HSC, Surgery Specialty Center and Orthopaedic Specialists of Louisiana, all indicating the progressive nature of Mr. Wilkes’ injury and pain and recommending advanced treatments, none of which were approved by Ivan Smith and Zurich. The record reflects that, on July 1, 2002, Mr. Wilkes was taken by ambulance to the hospital for severe back pains, numbness and tingling. An MRI of his spine revealed a posterior protrusion of the disks to the right at the L4-5, i.e., an indication of a recent trauma, not just the signs of his previous back surgery. Accordingly, Mr. Wilkes argues that he gave ample corroborating evidence to succeed on his workers’ compensation claim as defined by law. We agree.
The record in the case sub judice reflects that Mr. Wilkes adequately carried his burden of proof, as set out in Bums, supra, and Bruno, supra. As previously mentioned, Mr. Wilkes provided his own testimony, as well as that of Mr. Meshell, Ms. Antee and Ms. Kimbal, all of whom corroborated his version of the story. This meets the burden set out in Bruno, siopra. Accordingly, we reject Ivan Smith’s claim that the WCJ was | Smanifestly erroneous in ruling that Mr. Wilkes was injured while in the course and scope of his employment.
Fraud — La. R.S. 23.1208
Ivan Smith nejct argues that the WCJ committed error by incorrectly applying La. R.S. 23:1208 in finding that Mr. Wilkes did not forfeit his right to workers’ compensation benefits. Mr. Wilkes argues that the record in the case sub judice reflects that, after the accident of June 22, 2002, he consistently reported to all of his medical providers the date of the injury, the manner in which it occurred and his prior history of back surgery. La. R.S. 23:1208 reads, in pertinent part:
A. It shall be unlawful for any person, for the purpose of obtaining or defeating any benefit or payment under the provisions of this Chapter, either for himself or for any other person, to willfully make a false statement or representation.
*786 [[Image here]]
E. Any employee violating this Section shall, upon determination by workers’ compensation judge, forfeit any right to compensation benefits under this Chapter.”
This statute authorizes forfeiture of benefits upon proof that (1) there is a false statement or representation, (2) it is wilfully made .and (3) it is made for the purpose of obtaining or defeating any benefit or payment. Resweber v. Haroil Construction Co., 94-2708 (La.9/5/95), 660 So.2d 7. All three requirements must be present before a penalty will be imposed. Louisiana Workers’ Compensation Corp. v. Gray, 35,198 (La.App.2d Cir.10/31/01), 799 So.2d 820. Whether a workers’ compensation claimant has forfeited his right to benefits by making a false statement for the purpose of obtaining benefits is a question of fact that will not be disturbed on appeal |9absent manifest error. Bossier Electric v. Cubley, 35,852 (La.App.2d Cir.6/14/02), 821 So.2d 685.
Ivan Smith argues that this statute has no language limiting it to only certain types of false statements and'there is no notice requirement to the claimant, the legislature apparently being of the opinion that any claimant should be on notice that false statements made wilfully for the purpose of obtaining workers’ compensation benefits will not be tolerated and.will result in the forfeiture of those benefits. Resweber, supra. It has been specifically held that this section applies to any false statement, including one concerning a pri- or injury, and, thus, is generally applicable once an accident has allegedly occurred and a claim is being made. Id. Accordingly, Ivan Smith argues that the WCJ erred in ruling that no false statements or misrepresentations were made which, under La. R.S. 23:1208, would result in a forfeiture. We disagree.
The record in the case- sub judice reflects that Mr. Wilkes did wilfully make a false statement; however, it was not made for the purpose of obtaining or defeating any benefit or payment, per Resweber, supra. Rather, Mr. Wilkes made a false statement for the purpose of obtaining employment with Ivan Smith. Accordingly, all three requirements set out in Reswe-ber, supra, are not present and, thus, a penalty cannot be imposed, per Gray, supra: Given the standard enumerated in Cubley, supra, i.e., that whether a claimant has forfeited his right to benefits by making a false statement for the purpose of obtaining benefits is a question of fact that will not be |indisturbed on appeal absent manifest error, we cannot say -that the WCJ’s application of La. R.S. 23:1208 was manifestly erroneous.

Application of La. R.S. 23:1208.1

Ivan Smith argues that the WCJ committed error by finding that Mr. Wilkes had. not forfeited his right to workers’ compensation benefits and, accordingly, misapplied La. R.S. 23:1208.1. Mr. Wilkes, by way of contrast, argues that the notice on the questionnaire was deficient as the printed warning does not meet the statutory requirements of type face and size. We agree with the latter.
La. R.S. 23:1208.1 reads, in pertinent part:
Nothing in this Title shall prohibit an employer from inquiring about previous injuries, disabilities, or other medical conditions and the employee shall answer truthfully; failure to answer truthfully shall result in the employee’s forfeiture of benefits under this Chapter, provided said failure to answer directly relates to the medical condition for which a claim for benefits is made or affects the employer’s ability to receive reimbursement from the second injury *787 fund. This Section shall not be enforceable unless the written form on which the inquiries about' previous medical conditions are made contains a notice advising the employee that his failure to answer truthfully may result in his forfeiture of worker’s compensation benefits under R.S. 23:1208.1. Such notice shall be prominently displayed in bold faced block lettering of no iéss than ten point type. (Emphasis added.)
The record includes, inter alia, a facsimile copy of the questionnaire at issue in the case sub judice. As previously stated, the questionnaire includes the following disclaimer near the bottom of the page:
I certify that the above answers are true and I understand that any false or misleading statement may be reason for denial of workers compensation benefits and/or termination of employment.
Mr. Wilkes’ signature and the' date are directly beneath this statement. |nThe questionnaire included as an exhibit in the record and provided to this court was in ten point type; however, it was not in bold face print as specifically required by 23:1208.1. The notice, therefore, is not in compliance with the statute.[6] Since our finding of error in this .regard means that Mr. Wilkes was not sufficiently notified of the possibility of forfeiture or denial of potential benefits under the statute,. we affirm the trial court’s award of benefits to him.
Our finding under La. R.S.23:1208.1, as discussed above, concerns the untruthful statements made within the four corners of the questionnaire that Mr. Wilkes filled out. We note that La. R.S.23:1208 may operate to forfeit benefits in favor of the claimant for any fraudulent misrepresentations made for the purpose of obtaining benefits'. Mr. Wilkes admitted to making false statements about his prior injuries and compensation claims to obtain his job with Ivan Smith; however, if the trier of fact found that said false statements were not made to procure workers’ compensation benefits, then they do not meet the requirements set forth under 23:1208. Accordingly, we reject Ivan Smith’s argument that the WCJ improperly applied La. R.S. 23:1208.1 as manifestly erroneous.

^CONCLUSION

For the reasons stated herein, the judgment of the trial court is affirmed in favor of plaintiff-appellee, Randolph Wilkes. Costs of this appeal are assessed to defendant-appellants, Ivan Smith Furniture Company and American Zurich Insurance Company. .
AFFIRMED.

. The Workers' Compensation Judge in the case sub judice only gave conclusory findings in connection with the judgment rendered in these proceedings.

. At trial, Mr. Wilkes denied ever stating that his injury was bike related when Mr. Meshell noticed his limp and told him to go home.

. The record suggests that Mr. Wilkes did indicate to physicians at LSU-HSC on June 26, 2002, that he had undergone prior back surgery.

. Ms. Kimbal is a senior claims specialist with co-Defendant-Appellant American Zurich Insurance Company.

. Ivan Smith argued, inter alia, that the questionnaire in the case sub judice was-adequate to inform applicants that their benefits could be adversely impacted. Among the points Ivan Smith addressed in this argument were: the type face, font and the wording of the questionnaire's waiver. We find that the type face and wording were adequate to inform potential applicants of the possibility of adverse consequences to their benefits. We base this, in part, on Boh Bros. Construction Co. v. Price, 00-2233 (La.App. 4th Cir.8/29/01), 800 So.2d 898,’ writ denied, 01-2623 (La. 12/14/01), 804 So.2d 634, in which the Fourth Circuit stated that an employer's medical questionnaire complied with notice requirements of the statute advising claimant that his or her failure to answer truthfully to questions concerning previous injury claims may result in a forfeiture of workers' compensation benefits; and, thus, a claimant was subject to forfeiture of benefits even though the questionnaire at issue contained the word ''denial'' rather than the word "forfeiture.”