STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

DERETHA THOMPSON

VERSUS

COUSHATTA EDUCATION DEPARTMENT

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION - # 3
PARISH OF CALCASIEU, NO. 01-06870
CHARLOTTE A. L. BUSHNELL, WORKERS COMPENSATION JUDGE

\*\*\*\*\*\*\*\*\*\*

ELIZABETH A. PICKETT
JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of John D. Saunders, Oswald A. Decuir, Jimmie C. Peters, Michael G. Sullivan, and Elizabeth A. Pickett, Judges.

**REVERSED AND RENDERED.**

Sullivan, J., dissents. I find no manifest error in the decision of the Workers' Compensation Judge.

James Michael Stefanski
Edwards, Stefanski & Zaunbecher, LLP
P. O. Drawer 730
Crowley, LA 70527
(337) 783-7000
Counsel for Plaintiff-Appellant:
Deretha Thompson

Thomas Joseph Solari
Woodley Williams Law Firm, LLC
P. O. Box 3731
Lake Charles, LA 70601-3731
(337) 433-6328
Counsel for Defendant-Appellee:
Coushatta Education Department

**PICKETT, Judge.**

## FACTS

Deretha Thompson worked as a receptionist at the Coushatta Education Department. On April 27, 2001, while at work, she fell in the restroom. She complained of neck pain, lower back pain, and pain in both wrists. She sought treatment from several doctors, who prescribed tests including x-rays and an MRI, and provided treatments including pain medication. The employer paid for some medical treatments, but refused to pay indemnity benefits. On September 13, 2001, Thompson filed a Disputed Claim for Compensation with the Office of Workers' Compensation (OWC) seeking wage benefits. Coushatta Education Department and their insurer, Louisiana Workers' Compensation Corporation (LWCC), answered the claim with a general denial.

In October 2001, Thompson saw Dr. Dean Moore, a neurosurgeon, who indicated that she was unable to work and suggested that she needed surgery. Dr. Moore also diagnosed Thompson with bilateral thoracic outlet syndrome and bilateral carpal tunnel syndrome. The employer refused to pay for the surgery. Later, the employer amended its answer claiming Thompson had forfeited her benefits by committing fraud.

This matter went to trial on June 5, 2003. The only witness was Thompson. Also introduced into evidence were the medical records of at least eight doctors, the depositions of two co-workers who were witnesses to the fall, and reports from the employer. The Workers' Compensation Judge (WCJ) took the matter under advisement. On September 29, 2003, judgment was rendered. The WCJ found that Thompson did prove that an accident occurred, but that she failed to prove a causal connection between the accident and her disability. She also denied the employer's

1

1208 and 1208.1 fraud claims.

Thompson now appeals that judgment.

## ASSIGNMENTS OF ERROR

Thompson asserts one assignment of error:

> The trial court was clearly wrong or committed manifest error in failing to find that the claimant had not met her burden of proof by a preponderance of the evidence in showing a causal connection between the accident and resulting disability.

## DISCUSSION

The only issue before this court is whether the Thompson met her burden of proving that her injuries were caused by her fall at work. The claimant in a workers' compensation case bears the burden of showing a causal connection between the disability claimed and the work-related accident by a preponderance of the evidence. *Quinones v. U.S. Fidelity & Guar. Co.* , 93-1648 (La.1/14/94), 630 So.2d 1303. Causation is a factual finding subject to the manifest error/clearly wrong standard of review. *Guillory v. Wal-Mart Stores, Inc.*, 01-127 (La.App. 3 Cir. 10/3/01),796 So.2d 772, *writ denied*, 01-2988 (La.1/25/02), 807 So.2d 844.

The employer's case was based on medical records and testimony that, before the April 27, 2001, fall, Thompson had complained of or been treated for each of the injuries she claimed were caused by the fall. Those injuries include low back pain, neck pain, and pain in both wrists.

The records of Dr. Jeffrey Davis, a chiropractor, support the employer's contention. As early as February 16, 1998, following a motor vehicle accident, Thompson complained of pain in her right arm and shoulder, her neck, her mid-upper and lower back, and some headaches. The medical records indicate she "fell on steps" and had multiple motor vehicle accidents. She was treated by Dr. Davis regularly until March 12, 1998, for these injuries.

2

Thompson returned to Dr. Davis on August 31, 1999, complaining of neck pain, headaches, and pain in her back radiating into her left arm. The charts indicate Thompson continued regular treatments with Dr. Davis until June 19, 2000, and continued to complain of neck pain and pain all the way down her back. After June 19, 2000, Thompson did not see Dr. Davis again until March 20, 2001. On that visit, she complained of neck pain, upper back pain, lower back pain, and headaches, and was treated by Dr. Davis for those symptoms. She returned on March 22, 2001, and complained of a headache, but stated that her mid-back and lower back felt "considerably better." On March 26, 2001, she returned to Dr. Davis and complained of a "little discomfort" in her mid- and lower back, but her neck and upper back were still hurting and she still suffered from headaches. On March 29, 2001, she complained of neck and upper back discomfort and headaches. On April 2, 2001, she complained of neck and upper back discomfort on her left side and headaches. On April 3, 2001, she complained of neck and upper back pain and headaches. She did not return to Dr. Davis until after the April 27, 2001, accident.

As for the pain in her arms, in addition to the complaints made to Dr. Davis, Thompson was treated by Dr. Allen Hinton, an orthopedist, in November 2000. She complained of numbness in both arms, and Dr. Hinton diagnosed bilateral carpal tunnel syndrome. He treated her with injections in both arms, and she did not complain of pain in her wrists or hands after November 29, 2000.

After the April 27, 2001, accident, Thompson saw several doctors and complained of neck pain, lower back pain, and pain in both wrists. Apparently, the WCJ believed that all of these conditions were present before the accident and were not caused by the accident. Of the complaints Thompson had over the years, the persistent neck pain, upper back pain, and headaches were still bothering her up to

3

three weeks before the accident, but the lower back pain and wrist and hand pain had been treated and relieved.

This court discussed recovery of workers' compensation when the claimant has pre-existing conditions in *Baker v. Conagra Broiler Co.*, 93-1230, pp. 8-9 (La.App. 3 Cir. 5/4/94), 640 So.2d 494, 498, *writ denied*, 94-1435 (La.9/23/94), 642 So.2d 1289:

> In compensation cases, the claimant has the burden of showing that more probably than not an employment accident occurred and that it had a causal relation to the disability suffered. *Delco v. Heritage Manor Nursing Home*, 441 So.2d 309 (La.App. 3d Cir.1983), *writ denied*, 443 So.2d 1123 (1984). A worker's preexisting condition does not bar his or her recovery under the workers' compensation laws because an employer takes the worker as he finds him or her. *Guillory v. U.S. Fidelity & Guaranty Ins. Co.*, 420 So.2d 119 (La.1982); *Frederick v. Town of Arnaudville*, 572 So.2d 316 (La.App. 3d Cir.1990), *writ denied*, 575 So.2d 373 (1991). An abnormally susceptible worker is entitled to no less protection under the workers' compensation statute than a healthy worker. It is immaterial that the diseased or weakened condition of the worker might eventually produce the disability suffered outside of the employment situation. *Guillory, supra*; *Toth v. Ensco Environmental Services*, 546 So.2d 188 (La.App. 1st Cir.), *writ granted, reversed in part on other grounds*, 551 So.2d 623, *writ denied*, 551 So.2d 632 (1989). Said another way, the worker's claim for disability benefits will not be disqualified if the work-related injury aggravates, accelerates, or combines with a disease or infirmity to produce death or disability for which compensation is claimed. *Cadiere v. West Gibson Products, Co., Inc.*, 364 So.2d 998 (La.1978); *Delco, supra*; *Toth, supra*.

The employer's chief defense at trial and in brief on appeal is that Thompson was not truthful in giving her medical history in a questionnaire she filled out for her employer or in her consultations with doctors after the accident. But those facts go more toward the fraud claim than the causation issue. The WCJ's denial of the employer's 1208 and 1208.1 fraud claims have not been appealed and are not before us. The only issue before us is compensation.

The evidence supports a finding that the accident aggravated the injuries Thompson had been suffering and caused dormant injuries to resurface. The evidence

4

does not support a finding that the accident did not cause Thompson's disabilities. We find the claimant did prove, by a preponderance of the evidence, that the accident caused the disabling injury. The judgment of the WCJ is reversed as to the issue of causation.

## **DISPOSITION**

Finding that the trial court committed manifest error, we remand this case for a determination of indemnity benefits due to Thompson. All costs of this appeal are assessed against the appellees.

**REVERSED AND RENDERED.**