STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

12-88

GEORGE R. HARRIS

VERSUS

TWIN CITY ELECTRIC, LLC

**********

APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION - # 2
PARISH OF RAPIDES, NO. 10-05442
JAMES L. BRADDOCK, WORKERS' COMPENSATION JUDGE

**********

ELIZABETH A. PICKETT
JUDGE

**********

Court composed of Jimmie C. Peters, Elizabeth A. Pickett, and Shannon J. Gremillion, Judges.

AFFIRMED AS AMENDED.

Joseph J. Bailey
Provosty, Sadler, deLaunay, Fiorenza & Sobel
P. O. Drawer 1791
Alexandria, LA 71309-1791
(318) 445-3631
COUNSEL FOR PLAINTIFF-APPELLEE:
     George R. Harris

Michael D. Bass
Guglielmo, Lopez, Tuttle, Hunter & Jarrell, LLP
P. O. Drawer 1329
Opelousas, LA 70571-1329
(337) 948-8201
COUNSEL FOR DEFENDANT-APPELLANT:
     Twin City Electric, LLC

**PICKETT, Judge.**

The appellant, Twin City Electric, LLC, appeals a judgment of the workers' compensation judge (WCJ) awarding their former employee, George Harris, temporary total disability benefits, penalties, and attorney fees. Harris answers the appeal seeking additional attorney fees for work done on appeal.

## STATEMENT OF THE CASE

Harris filed a disputed claim for compensation alleging he was injured while working for Twin City at Fort Polk on December 7, 2009. He claims that while bending electrical conduit with a hand bender he felt a pop in his back. Since that date, he has suffered pain in his lower back radiating down his left leg. Harris continued to work for Twin City until February 3, 2010, when he was laid off one day after telling Twin City that he was receiving treatment from Dr. Troy Vaughn for the back injury.

Twin City initially denied an accident occurred. Twin City also attempted to show that Harris had lied in an attempt to fraudulently obtain workers' compensation benefits, in violation of La.R.S. 23:1208, by denying that he ever had previous back pain similar to the pain he claims was caused by the on-the job injury. Twin City further alleged that Harris lied when filling out a Second Injury Fund Questionnaire by failing to disclose previous back injuries or a diagnosis of arthritis, thus forfeiting benefits pursuant to La.R.S. 23:1208.1.

Following trial, the WCJ found that Harris was entitled to medical benefits and temporary total disability (TTD) benefits. The WCJ also found that Twin City failed to reasonably controvert Harris' claims and awarded Harris penalties of $2,000.00 or twelve percent of the unpaid benefits, up to $8,000.00, and $18,000.00 in attorney fees. Twin City appeals that judgment. Harris has answered the appeal.

## ASSIGNMENTS OF ERROR

Twin City asserts five assignments of error:

1. The trial court committed manifest error in finding that Harris did not forfeit his workers' compensation benefits by violating §1208 of the Louisiana Workers' Compensation Act.

2. The trial court committed manifest error in finding that Harris did not forfeit his workers' compensation benefits by violating §1208.1 of the Louisiana Workers' Compensation Act.

3. Alternatively, the trial court committed manifest error in finding that Harris is temporarily totally disabled and in awarding him temporary total disability payments.

4. Alternatively, the trial court committed manifest error in finding that Harris is entitled to medical benefits without reduction under the fee schedule.

5. The trial court committed manifest error in finding that Twin City did not reasonably controvert Harris' claim and in ordering Twin City to pay penalties and attorney fees.

## DISCUSSION

In its first assignment of error, Twin City claims that Harris forfeited his benefits by making false statements to receive workers' compensation benefits in violation of La.R.S. 23:1208. Twin City specifically alleges that Harris denied ever having lower back pain radiating into his leg before the December 7, 2009 accident at work, when in fact his medical records show a twenty-year history of similar pain, dating back to an automobile accident in 1989. Twin City also introduced hospital records indicating that Harris overextended himself during "unusual activities with his fiancée" following a class reunion in 2003. Those records show Harris complained of severe pain in his lower back radiating down to his leg. He received one pain pill and was back at work the next Monday.

The WCJ found these incidents were inconsequential and should not result in a forfeiture of benefits pursuant to La.R.S. 23:1208. In *Douglas v. Grey Wolf Drilling Co.*, 03-515, p. 9 (La.App. 3 Cir. 11/5/03), 858 So.2d 830, 836 (citation

2

omitted), we stated that "because statutory forfeiture is a harsh remedy, it must be strictly construed. Whether an employee has forfeited his right to workers' compensation benefits is a question of fact that will not be disturbed on appeal absent manifest error."

The WCJ found no willful intent to deceive on the part of Mr. Harris in his testimony. He informed his doctors of his medical history. His previous injuries did not cause the same long-term injuries which required ongoing treatment that this workplace injury required. After reviewing the record, we find there is sufficient evidence to support the WCJ's findings and credibility determinations. This assignment of error lacks merit.

In its second assignment of error, Twin City argues that Harris forfeited benefits because he lied on a pre-employment Second Injury Fund Questionnaire regarding his previous injuries. They also claim he should have admitted on the form that he had been diagnosed with arthritis by a chiropractor in 1989.

In *Nabors Drilling USA v. Davis*, 03-0136, pp. 5-7 (La.10/21/03), 857 So.2d 407, 414-15, the supreme court explained:

> Forfeiture is a harsh remedy; therefore, statutory forfeiture provisions such as LSA-R.S. 23:1208.1 must be strictly construed. *Wise v. J.E. Merit Constructors, Inc.*, 97-0684 (La.1/21/98), 707 So.2d 1214, 1218. By its express terms, LSA-R.S. 23:1208.1 provides for forfeiture under three circumstances. There must be (1) an untruthful statement; (2) prejudice to the employer; and (3) compliance with the notice requirements of the statute. *Id.*, *citing Resweber v. Haroil Const. Co.*, 94-2708, 94-3138 (La.9/5/95), 660 So.2d 7. The employer has the burden of proving each of the elements required by the statute. *Wise*, 707 So.2d at 1218. The lack of any one of the elements is fatal to the employer's avoidance of liability under the statute. *Id.*
>
> ....
>
> The "prejudice" that must be incurred by the employer for forfeiture to apply is specifically defined by the statute. The untruthful statement must "directly relate[ ] to the medical condition for which a claim for benefits is made," or it must "affect[ ] the

employer's ability to receive reimbursement from the second injury fund." LSA-R.S. 23:1208.1.

We will not overturn the factual findings of the WCJ in a forfeiture case in the absence of manifest error. *Chaisson v. Philip Servs. Corp.*, 05-340 (La.App. 3 Cir. 11/2/05), 917 So.2d 514.

In this case, the WCJ found that the previous injuries to Harris' back were not as severe as the injury at issue in this case and did not require Harris to miss work or receive long-term treatment. The WCJ also found that while Harris claimed he was diagnosed with arthritis, the medical records introduced at trial do not actually indicate that Harris had ever been diagnosed with arthritis. We find that the evidence supports the WCJ's conclusion that Harris did not intentionally misinform Twin City on the questionnaire and that he passed pre-employment physicals. The WCJ essentially found that Harris did not have a pre-existing condition that he was required to report or that would prejudice his employer. This finding is supported by the evidence, and this assignment of error lacks merit.

In its third assignment of error, Twin City argues that the trial court erred in awarding Harris TTD benefits because Harris applied for and received unemployment compensation benefits. Twin City argues that when receiving workers' compensation benefits, the employee must certify that he is capable of working, and if he is capable of working he should not receive TTD benefits.

Again, we find no manifest error in the WCJ's determination that Harris was entitled to TTD benefits. His doctor testified that he should not work until his condition improved. The WCJ properly determined that Twin City did not have to pay benefits for the period of time that Harris received unemployment compensation, from February 20 through December 27, 2010.

4

In the alternative, Twin City argues that Harris should have been awarded supplemental earnings benefits (SEBs) instead of TTD benefits. The WCJ determined that while Harris thought he could return to a light-duty position such as a salesperson or substitute teacher, Dr. Vaughn disagreed. The record supports the judgment of the WCJ.

In its fourth assignment of error, Twin City claims the medical benefits awarded to Harris should be decreased pursuant to the workers' compensation fee schedule. The discussion of this assignment of error does not mention the fee schedule. Instead, Twin City argues that Harris did not prove a workplace injury occurred. Thus, we will consider the fee schedule issue abandoned. Uniform Rules—Courts of Appeal, Rule 2-12.4.

Instead, Twin City makes a cursory argument that there was insufficient evidence that the back problems Harris suffers from are related to his workplace injury. His medical records support a finding that he intermittently had back pain before the accident over twenty years before December 7, 2009, but that his pain was more consistent after the workplace accident. We find no manifest error in the WCJ's finding relating the back injury to a workplace accident and awarding benefits.

Finally, Twin City argues that it reasonably controverted Harris' claim, and the WCJ erred by awarding penalties and attorney fees. A WCJ's decision to cast an employer with penalties and attorney fees is a question of fact which will not be reversed on appeal absent manifest error. *Ashworth v. Administaff, Inc.*, 10-318 (La.App. 3 Cir. 10/6/10), 48 So.3d 1178. The WCJ found that Twin City failed to pay any medical benefits or compensation benefits, and that their efforts to dispute the claims were frivolous. While Harris did not immediately tell his employer that he had been hurt at work, when he did inform Twin City, its investigation was

5

cursory at best. For a while, Twin City claimed that none of the witnesses who came forward were in the same room with Harris at the barracks when they claim they saw him hurt himself. In fact, there were no walls in the barracks at the time, so everyone could see the entire interior through the studs that separated the rooms. The WCJ found Twin City's fraud defenses frivolous. We find no manifest error in the award of penalties and attorney fees.

Harris answers the appeal and seeks additional attorney fees for work done on appeal. Because he has successfully defended the Twin City's appeal, we award an additional $4,000.00 in attorney fees.

## CONCLUSION

The judgment of the trial court is affirmed in all respects. We order Twin City to pay Harris $4,000.00 in attorney fees. Costs of this appeal are assessed against Twin City.

**AFFIRMED AS AMENDED.**

6