STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

12-506 consolidated with 12-507

ST. LANDRY PARISH GOVERNMENT

VERSUS

ANTHONY RUBIN

**********

APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION - DISTRICT 4
PARISH OF ST. LANDRY, NO. 10-05963
CONSOLIDATED WITH 10-06105
ADAM JOHNSON, WORKERS' COMPENSATION JUDGE

**********

OSWALD A. DECUIR
JUDGE

**********

Court composed of Oswald A. Decuir, Billy Howard Ezell, and Phyllis M. Keaty, Judges.

AFFIRMED.

Thomas J. DeJean
DeJean & Leger, L.L.C.
806 S. Main Street
Opelousas, LA 70570
(337) 948-9066
COUNSEL FOR DEFENDANT/APPELLEE:
    Anthony Rubin

**James D. Hollier**
**Philip H. Boudreaux, Jr.**
**Laborde & Neuner**
**P. O. Drawer 52828**
**Lafayette, LA 70505-2828**
**(337) 237-7000**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
    **St. Landry Parish Government**

**DECUIR, Judge.**

Anthony Rubin and his employer, the St. Landry Parish Government, each filed disputed claims for compensation which were consolidated at trial and for purposes of this appeal. For the reasons which follow, we affirm the judgment rendered in favor of the employee and issue separate decrees under each docket number. *See Rubin v. St. Landry Parish Govt.*, 12-507 (La.App. 3 Cir. __/__/12), ___So.3d___.

Anthony Rubin was employed as a road worker by the parish government. On October 28, 2009, he injured his neck and back while shoveling patch material onto a road. He was seen at a local hospital that day and was thereafter unable to return to work. Compensation benefits were paid until June of 2010 when the employer discovered Rubin served as an umpire of children's baseball games. Rubin admitted that he spent five to six weeks in the spring as an umpire at three or four games a week. He further acknowledged that he was sometimes paid $20.00 per game in cash to cover his expenses, including uniforms, snacks, and gas. Rubin did not disclose this income on the Form 1020 that he submitted to his employer. Consequently, the employer discontinued the payment of benefits, filed this disputed claim, and alleged fraud in violation of La.R.S. 23:1208. Several days later, Rubin filed a claim for benefits.

Following trial on the merits, the workers' compensation judge (WCJ) found Rubin proved an accident occurred in the course and scope of his employment. The WCJ concluded Rubin did not commit fraud and was unable to return to his previous occupation, but he was able to perform sedentary or light duty work. Therefore, the WCJ awarded supplemental earnings benefits. He denied Rubin's claim for penalties and attorney fees, finding the claim for compensation was reasonably controverted, given the video evidence and inaccurate information on

Form 1020. The employer appealed the award of benefits, contesting the factual findings on the fraud issue. Rubin answered the appeal, complaining of the denial of penalties and attorney fees.

In oral reasons for judgment, the WCJ reached the following conclusions:

> Second issue, did the claimant violate Revised Statute 23:1208. In *Resweber v. Haroil* [*Constr. Co.*, 94-2708 (La. 9/5/95), 660 So.2d 7], the Louisiana Supreme Court held that the forfeiture of benefits due to Louisiana Revised Statute 23:1208 are first, there is a false statement or representation, second it is willfully made, and third, it is made for the purpose of obtaining or defeating any benefit or payment. The defendants allege the claimant violated 23:1208 for his failure to disclose cash he received for umpiring kids baseball games on 1020 forms he submitted. The defendants produced 1020 forms where the claimant denied receiving a salary, wage, sales commission or payment including cash of any kind. In addition the defendants produced three DVDs showing the claimant umpiring kids baseball games. There's no doubt that the 1020 forms were filled out inaccurately. At trial the Court heard the testimony of Mr. Rubin. Mr. Rubin testified that he umpired kids baseball games approximately for 20 years. That the baseball season was for five to six weeks and that an umpire games three to four times a week with each game lasting an hour. He also testified he got paid Twenty Dollars a game and sometimes he wouldn't get anything. He considered this a hobby and the Twenty Dollars was to cover expenses at times. Mr. Rubin also testified that he didn't think he was doing anything wrong. Mr. Rubin additionally testified that he umpired games when his supervisor, Kent Richard, was at the baseball park. Considering the evidence and the testimony of Mr. Rubin, which the Court notes there was some inconsistencies in his testimony, however based upon his gestures, tone of voice, responses and reactions to questions[,] the Court makes a specific finding that Mr. Rubin's testimony was credible. Being that 23:1208 is to be strictly construed, the Court finds the defendants failed to meet their burden of proof that the inaccurate 1020 forms were willfully made, thus the 23:1208 defense is denied.

After thoroughly reviewing the record before us, we find no manifest error in the conclusions reached by the WCJ. Rubin's testimony was credible in the eyes of the WCJ, and in reading from the transcript, we find nothing which is clearly wrong as to that credibility determination. Rubin considered his work as an umpire to be a hobby -- the money and physical effort involved inconsequential to his workers' compensation claim. The fact that Rubin served as an umpire in the

2

presence of his supervisor, the same man to whom he submitted the 1020 forms, belies any devious or fraudulent intent on his part.

In *Harris v. Twin City Elec., LLC*, 12-88, pp. 2-3 (La.App. 3 Cir. 6/6/12), 92 So.3d 649, 652, we held:

> The WCJ found these incidents were inconsequential and should not result in a forfeiture of benefits pursuant to La.R.S. 23:1208. In *Douglas v. Grey Wolf Drilling Co.*, 03-515, p.9 (La.App. 3 Cir. 11/5/03), 858 So.2d 830, 836 (citation omitted), we stated that "because statutory forfeiture is a harsh remedy, it must be strictly construed. Whether an employee has forfeited his right to workers' compensation benefits is a question of fact that will not be disturbed on appeal absent manifest error."
>
> The WCJ found no willful intent to deceive on the part of Mr. Harris in his testimony. . . .
>
> We will not overturn the factual findings of the WCJ in a forfeiture case in the absence of manifest error. *Chaisson v. Philip Servs. Corp.*, 05-340 (La.App. 3 Cir. 11/2/05), 917 So.2d 514.

So it is in the instant case. The WCJ found no willful intent to deceive on Rubin's part. This determination was based on Rubin's testimony as well as the circumstances of the activity complained of by the employer. Essentially, given the evidence in the record, and as found by the WCJ, the employer has not proven its claim under La.R.S. 23:1208.

We address briefly Rubin's appeal seeking reversal of the denial of penalties and attorney fees. The WCJ considered the employer's surveillance video of Rubin serving as an umpire and the inaccurate 1020 forms as evidence of an objective reason for terminating benefits. "A WCJ's decision to cast an employer with penalties and attorney fees is a question of fact which will not be reversed on appeal absent manifest error." *Harris*, p.5, 92 So.3d at 653. We find no manifest error in the denial of Rubin's claim for penalties and attorney fees.

For the foregoing reasons, the judgment of the workers' compensation judge is affirmed.  Costs of this appeal are assessed to the employer.

**AFFIRMED.**