754 So.2d 207 (1999)
Robert HOY
v.
Slade GILBERT d/b/a S.G. Masonry.
No. 98-C-1565.
Supreme Court of Louisiana.
March 2, 1999.
Rehearing Denied January 7, 2000.
Donald J. Anzelmo, Monroe, for applicant.
Curtis D. Street, Monroe, for respondent.
PER CURIAM.[*]
We granted certiorari in this worker's compensation case to determine whether the court of appeal erred in reversing the hearing officer's judgment finding that the claimant was not in the course and scope of employment at the time he was injured. After reviewing the record, we conclude the court of appeal did so err, and therefore reverse that judgment and reinstate the hearing officer's judgment.

FACTS AND PROCEDURAL HISTORY
Claimant, Robert Hoy, was employed as a bricklayer helper by Slade Gilbert d/b/a S.G. Masonry ("Gilbert"), a masonry contractor. On April 13, 1996, claimant, along with his supervisor, Lonnie Brown, and another helper, Jimmy Howard, left a jobsite early[1] and returned to Gilbert's home north of West Monroe. During the drive, both claimant and Brown drank beer. Once they reached his house, Gilbert asked *208 the crew to take a flat tire from a work trailer to a nearby service station to be repaired.[2] The three men left with the tire in Brown's personal vehicle.
Approximately one hour later, but before reaching the service station, the men were involved in an accident when Brown's truck flipped over several times and landed in a ditch. According to claimant, Brown was driving approximately 30 m.p.h.[3] the time of the accident, and the accident occurred when Brown swerved to avoid a dog in the road. However, Jeff Terrell, an off-duty detective of the West Monroe Police Department, witnessed the accident and later testified the vehicle was traveling "very fast" (he estimated 50 m.p.h.) around a curve. He stated he did not see a dog in or near the roadway. Additionally, he testified that after the accident, one or both of the passengers were throwing beer bottles out of the truck into the woods. The investigating officer, Deputy Randy Evans of the Ouachita Parish Sheriff's Office, testified that no one mentioned anything to him about a dog causing the accident. Deputy Evans stated that claimant seemed intoxicated and smelled of alcohol, but that no field sobriety test was conducted because claimant was not the driver of the truck.[4]
Scott Lee DeBoard, another of Gilbert's employees, picked up claimant and Howard from the hospital following the accident. He stated that both men told him that the accident occurred as they were on their way home, when Brown "was chasing someone that owed him some money where he could beat him up." DeBoard stated that claimant and Howard told him nothing about a dog in the roadway.
Subsequently, claimant sought worker's compensation benefits from Gilbert, asserting he was injured in the course and scope of his employment. Gilbert denied the claim, contending the accident occurred during a deviation from the employment mission.
A hearing was conducted on the disputed claim before a hearing officer of the Office of Worker's Compensation. At the conclusion of the hearing, the hearing officer rendered judgment in Gilbert's favor. The hearing officer reasoned that although claimant may have been in the course and scope of employment prior to the accident, he and the other members of the work crew riding in the truck had deviated from the employment mission at the time the accident occurred.
Claimant appealed this ruling. A five-judge panel of the court of appeal, with one judge dissenting, reversed the hearing officer's ruling and remanded the case for entry of judgment in favor of claimant for twelve weeks of temporary total disability benefits and medical expenses.[5]
Upon Gilbert's application, we granted certiorari to consider the correctness of this ruling.[6]

*209 DISCUSSION
A worker's compensation claimant bears the burden of establishing by a preponderance of the evidence that he has received "personal injury by accident arising out of and in the course of his employment." La.R.S. 23:1031(A); Bruno v. Harbert Int'l, Inc., 593 So.2d 357 (La. 1992). The courts have consistently held that an employee is protected during work hours, despite minor deviations from instructions or place of work, if what he does could reasonably be contemplated as humanly incidental to his service as an employee and does not unreasonably increase the risk of injury. Robinson v. F. Strauss & Son, Inc., 481 So.2d 592 (La.1986).
The hearing officer's determination as to whether the claimant's testimony is sufficient to discharge the burden of proof constitutes a factual determination. Consequently, the resolution of this issue will not be disturbed on review absent manifest error. We will set aside the hearing officer's factual finding only if the record demonstrates that there was no reasonable basis for this factual finding and that this finding is clearly wrong. Alexander v. Pellerin Marble & Granite, 93-1698 (La.1/14/94), 630 So.2d 706.
In the present case, there is ample evidence to support the hearing officer's finding that claimant was engaged in a deviation at the time of the accident, that this deviation was not reasonably incidental to claimant's employment, and that it unreasonably increased claimant's risk of injury. The testimony in the record established that the crew should have reached the service station within fifteen minutes. The fact that the crew was traveling for over an hour after leaving Gilbert's house creates a strong inference that they had left the employment mission at the time of the accident. Additionally, testimony from Howard and DeBoard indicated that the crew was engaged in a non-employment related mission at the time of the accident, either assisting Howard in his move or chasing another individual. The record also establishes that claimant was intoxicated at the time. While it is true claimant was not driving the vehicle at the time of the accident, the record support the hearing officer's factual finding that claimant was a willing participant in the activities and did not voice any complaint about Brown's conduct.[7]
In sum, we conclude the factual findings of the hearing officer are not clearly wrong, and should not have been disturbed on appeal. Accordingly, the judgment of the court of appeal must be reversed.

DECREE
For the reasons assigned, the judgment of the court of appeal is reversed. The judgment of the Office of Worker's Compensation dismissing the claim of Robert Hoy is reinstated. All costs in this court are assessed against claimant.
NOTES
[*] Lemmon, J. not on panel. Rule IV, Part II, § 3.
[1] Claimant stated the crew left the jobsite early because they ran out of muriatic acid, which is used to wash bricks. However, Howard indicated the crew left early so that the men could help him move from one residence to another.
[2] Although there was conflicting testimony on this point, it appears that the crew arrived at Gilbert's house at approximately 5:00 p.m., and then left at approximately 5:30 p.m. to go to the service station to have the flat tire repaired. According to Gilbert's wife, it was no more than a fifteen minute drive to the service station where her husband generally took flat tires to be repaired.
[3] According to emergency room records, claimant told hospital personnel that Brown was driving approximately 50 to 55 m.p.h. at the time of the accident. On cross-examination, claimant denied any recollection of that statement, claiming he "was all messed up at the time."
[4] Following the accident, claimant was taken by ambulance to a West Monroe hospital. Emergency room records reveal that his blood alcohol level was 0.20%. Claimant later underwent surgery to reconstruct a deviated nasal septum and to repair a fracture in the bones under his left eye; he was released to return to work twelve weeks thereafter.
[5] Hoy v. Gilbert, 30,255 (La.App.2d Cir. 5/13/98), 714 So.2d 74.
[6] Hoy v. Gilbert, 98-1565 (La.9/18/98), 724 So.2d 758.
[7] Compare Jagneaux v. Marquette Casualty Co., 135 So.2d 794 (La.App. 3d Cir.1961), in which the court stated, in dicta, that the employee-passenger was a passive occupant of the vehicle involved in the accident in question and could not be charged with the driver's deviation.