_yVtcMANUS, Judge.
At issue in this case is whether the Worker’s Compensation Judge erred in finding claimant could return 'to part-time work as early as April 1999, and whether that finding supported the conclusion that claimant’s employer arbitrarily and capriciously declined to pay medical benefits beyond May 1999, and whether it should have been ordered to pay penalties and attorney’s fees as a result. For the reasons that follow, we conclude the Worker’s Compensation Judge’s factual findings are not manifestly erroneous. However, the portion of the decision finding claimant’s employer was arbitrary and capricious must be set aside.
FACTS AND PROCEDURAL HISTORY
On July 9, 1998, claimant and defendant herein, Denise Landry, sustained injuries to her neck and upper back when she was struck by a shelf of falling bottles while she placed items on a lower shelf in the course of her employment with K-Mart Corporation on Belle Chasse Highway. As a result, claimant filed a claim for worker’s compensation benefits and received benefits until May 1999.
After the injury, claimant treated with Dr. Earl Rozas. In December 1998, Dr. Rozas determined claimant could work four (4) hours a day with the limitation that she not push, pull or lift more than ten pounds. Thereafter, Dr. Rozas released claimant to return to light-duty, part-time work with those restrictions. Claimant contends that upon returning to work, K-Mart ordered her to work as a cashier. She asserts the associated 12duties caused her to re-injure herself and remain out of work until February 1999. Subsequently, claimant again treated with Dr. Rozas and was released to light-duty, part-time work with the same restrictions and further restrictions, including no overhead reaching or lifting.
Claimant asserts that K-Mart again assigned her to cashier duty without adhering to her medical restrictions. Thus, she was re-injured a second time when forced to handle gallon-size detergent bottles. Claimant was treated and released to return to light-duty, part-time work with instructions not to perform any lifting whatsoever. Claimant further contends that upon returning to work, she was assigned to empty refund buggies containing numerous items the handling of which exceeded her medical restrictions. Thus, she was re-injured a third time. Dr. Rozas again treated claimant in March 1999, and released her to light-duty, part-time work beginning April 1, 1999, with restrictions of no repeated lifting or reaching and no lifting objects over five pounds. Claimant alleges that on April 12, 1999, she was re-injured a forth time because she was forced to conduct duties involving repetitive reaching. On April 18, 1999, claimant was released to return to light-duty, part-time work subject to the aforementioned restrictions. Claimant maintains she was injured a fifth and final time upon returning to work because K-Mart’s general manager ordered her to remove merchandise from shelves in the stockroom and those duties required physical exertion in excess of her medical restrictions.
In May 1999, Dr. Rozas recommended K-Mart authorize claimant seek vocational rehabilitation and consult a neurologist be *1002 cause she continued to complain of neck pain and migraine headaches. However, K-Mart gave no such authorization. Additionally, Dr. Rozas issued a “stay off work” order on May 12, 1999. Claimant asserts Dr. Rozas did not change his opinion until July 2000, when he released her to return to part-time, light-duty work. Thus the lower court erred in finding she could return to work in April 2000. In February 2000, claimant began treating with Dr. Steven Atkins, a neurologist who diagnosed her as suffering from a concussion, intractable common migraine, cervical degenerative joint disease and neck pain. Claimant contends Dr. Atkins did not authorize her to return part-time work until June 12, 2000.
lain February 1999, Dr. Robert Steiner, an orthopedist, conducted an independent medical examination (IME) of claimant and opined that she was capable of working full-time in a light duty position with a ten pound lifting restriction and that she should avoid repetitive lifting and overhead reaching. In June 2000, Dr. Robert Applebaum, a neurologist, conducted an IME of claimant and opined he could find no causal connection between the accident and the onset of the migraine headaches.
On May 19, 1999, K-Mart, the plaintiff herein, filed a disputed claim for compensation contending claimant’s medical records and its independent investigation demonstrated she reached maximum medical improvement and that additional treatment was likely not related to the accident. Claimant filed a reconventional demand for penalties and attorney fees asserting Kmart was arbitrary and capricious in refusing to pay for neurological treatment and vocational rehabilitation.
On December 11, 2000, a trial on the disputed claim was had before Worker’s Compensation Judge Sylvia Steib. At trial, Carla Syler, who worked with claimant to compile a job analysis profile, testified for claimant as an expert in vocational rehabilitation counseling and opined that claimant was employable in many different occupations that would not contravene her medical restrictions. Claimant further relied on the medical reports of Drs. Rozas and Atkins to support her contention that K-Mart arbitrarily and capriciously refused to pay for vocational rehabilitation and neurological treatment. K-Mart relied on the medical reports of Drs. Steiner and Applebaum to demonstrate it reasonably denied payment of those expenses.
Following the submission of post-trial memoranda, the WCJ rendered her decision on January 18, 2001. The WCJ found that claimant, Denise Landry, was injured in the course and scope of her employment on July 9, 1998; that she is entitled to receive supplemental earnings benefits from K-Mart; that her earning capacity is minimum wage or ($5.15) per hour for a twenty hour work week; that she was capable of returning to work with restrictions on a part-time basis as of April, 1999; that claimant met her burden of proof to show that her headaches were caused by and result from the work-related accident; that she is entitled to payment of all medical bills and expenses; and that K-¡Mart4 was arbitrary and capricious by refusing to pay the medical bills from Dr. Atkins and Meadowcrest Hospital and in refusing to authorize vocational rehabilitation in a timely manner. Based on that ruling, the judge ordered K-Mart to pay a two thousand dollar ($2,000.00) penalty and three thousand dollars ($3,000.00) in attorney fees.
Claimant filed a motion for new trial that was voluntarily withdrawn. Claimant also filed a motion to amend the judgment. On March 9, 2001, the Worker’s Compensation Judge denied motion to amend in oral reasons for judgment, stating:
The court is of the opinion that under the circumstances, the motion to amend *1003 judgment is denied. In accordance with Article 1951, a final judgment may be amended by the trial court at any time with or without notice on its own motion or on motion of any party to alter the phraseology of the judgment, but not the substance, or to correct errors of calculations.
Reasons for judgment, the court is not of the opinion that this is to correct an error of calculation. The court is of the opinion that if in fact I did make a change in the judgment, it would alter the substance of the judgment and that this court cannot alter or make a substantive change in the judgment.
Upon reviewing the document, it’s evident that the time period in the judgment should have — would warrant a change in the judgment, but the court deems that this would be a substantive change so, therefore, the court is going to refrain from altering the original judgment that was rendered in this matter.
Plaintiff, K-Mart, now appeals that decision.
DISCUSSION
K-Mart avers the Worker’s Compensation Judge erred in finding it arbitrarily and capriciously declined to pay for additional medical and vocational expenses beyond May 1999 and in awarding penalties and attorney fees to claimant because the Worker’s Compensation Judge’s decision is correct in finding claimant could work part-time since April 1999. Claimant maintains the decision erroneously found she was capable of working part-time at that time.
Generally, the WCJ’s determination as to whether the claimant’s testimony is sufficient to discharge the burden of proof constitutes a factual determination. Consequently, the resolution of this issue will not be disturbed on review absent manifest error. We will set aside the WCJ’s factual finding only if the record demonstrates that [¡¿here was no reasonable basis for this factual finding and that this finding is clearly wrong. Hoy v. Gilbert, 98-1565 (La.3/2/99), 754 So.2d 207.
In the instant case, the hearing wcj made a finding of fact that claimant was able to return to part-time work as of April 1999. This finding appears to be supported by the record based on the fact that neither of claimant’s treating physicians were able to state that her persistent pain and migraine headaches were in fact related to the July 1998 accident. Despite our agreement with the Worker’s Compensation Judge’s findings of fact in that regard, we are unable to reconcile that finding with the subsequent finding that claimant’s headaches were caused by the work-related accident because claimant’s testimony that her current condition stems from the accident is uncorroborated by the expert testimony.
Although there was some divergence among the medical evidence, all of these medical experts — including claimant’s treating physician — indicated that claimant could engage, at a minimum, in part-time, light-duty work as far back as April 1999. Accordingly, the Worker’s Compensation Judge’s decision finding claimant could return to part-time work at that time is not clearly wrong. However, the finding that claimant’s migraine headaches resulted from the accident is not supported by any medical evidence. In fact, neither of claimant’s treating physician’s were able to make that determination with any certainty.
Having so found, our next inquiry is whether K-Mart acted arbitrarily and capriciously in discontinuing the payment of medical benefits so as to warrant imposition of attorney’s fees. Awards of penalties and attorney’s fees in workers’ compensation are essentially penal in na *1004 ture, being imposed to discourage indifference and undesirable conduct by employers and insurers. Williams v. Rush Masonry, 98-2271 (La.6/29/99), 737 So.2d 41. Although the Workers’ Compensation Act is to be liberally construed in regard to benefits, penal statutes are to be strictly construed. Id.
K-Mart argues that the Worker’s Compensation Judge erred in finding it acted arbitrarily and capriciously when it denied medical benefits beyond May 1999. Thus, an award of penalties and attorney’s fees was clearly wrong. Pursuant to La. R.S. | B23:1201(F)(2), an employer or insurer is liable for penalties for withholding benefits without evidence to “reasonably controvert” the employee’s right to compensation and medical benefits. In addition, La. R.S. 23:1201.2 provides that an employer or insurer who discontinues payment of compensation benefits shall be liable for attorney’s fees when the discontinuance is found to be arbitrary, capricious, or without probable cause.
Having reviewed the record, we cannot say K-Mart behaved in an arbitrary and capricious manner. Prior to denying payment, it investigated the claim. Based on that investigation it determined that claimant’s migraine headaches were not related to the job accident. It points to the differing opinions of the medical experts to support its decision to controvert the disability claim. Moreover, we note claimant’s own medical experts could not state with any certainty that her migraine headaches were related to her on the job injury. Consequently, it seems K-Mart did not act arbitrarily or capriciously when it denied benefits after May 1999. Thus, the employer should not be penalized for contesting whether claimant’s need for medical treatment stemmed from the work-related accident. As a result, claimant is not entitled to penalties or any additional attorney’s fees.
In sum, we conclude the factual findings of the WCJ as to when claimant could return to part-time work are not clearly wrong, and should not be disturbed on appeal and we affirm that portion of the judgment. However, we find that claimant’s contention that her migraine headaches resulted from the accident is not supported by any medical evidence. Moreover, the record establishes K-Mart was not arbitrary or capricious or without probable cause in discontinuing compensation and medical benefits in light of the lack of medical evidence. Accordingly, that portion of the worker’s compensation decision awarding claimant penalties and attorney fees is set aside.
Based on the foregoing reasoning, the Worker’s Compensation Judge’s decision finding claimant could return to part-time work as early as April 1999 is affirmed. However, we set aside the portion of the decision finding K-Mart’s actions in denying benefits beyond that time were arbitrary and capricious and assessing it with penalties and attorney’s fees.
AFFIRMED IN PART; SET ASIDE IN PART.