J^CLARENCE E. McMANUS, Judge.
Claimant appeals the dismissal of her workers’ compensation claim. For the reasons that follow, we affirm.

FACTS AND PROCEDURAL HISTORY

The claimant, Lisa Minor Brown, was employed by Dynacare as a phlebotomist. On September 22, 1999, she was injured in a motor vehicle accident while in the course and scope of her employment. She began treating with her two primary care physicians and a chiropractor for neck and lower back injuries. She returned to work in October 1999 but stopped working by May 2000. Claimant underwent an MRI then a lumbar fusion in late 2000, performed by Dr. John Jackson. Claimant continued to complain of severe pain and sought the assistance of a pain management specialist, Dr. David Rosenfeld.
*254 Despite her inability to find relief, her benefits were terminated in August 2001. Claimant filed a disputed claim for compensation contending that she was permanently disabled as she continued to suffer from pain, tingling and numbness below her waist. Dynacare and its insurer, CNA, answered the disputed claim denying claimant was temporarily or permanently disabled as a result of this accident and that she was able to return to work. Defendants asserted La. R.S. |a23:1208 and 23:1208.1 as affirmative defenses relying on video surveillance of claimant performing certain movements she denied being able to do.
On March 13, 2002, a trial on the disputed claim was held before Worker’s Compensation Judge Robert Varnado. At trial, claimant testified that she was being treated by Dr. Rosenfeld and that Dr. Jackson released her based on his conclusion that her fusion surgery was successful. Claimant’s husband testified that she was no longer able to do many of the things she did prior to the accident. Claimant submitted many medical records and bills in support of her contention.
The worker’s compensation judge made the following findings of fact. Claimant reached maximum medical improvement on August 27, 2001. Dr. Jackson reviewed recent x-rays and determined there was no neurological basis for claimant’s subjective complaints of continued pain. Dr. Rosen-feld released her to modified employment on August 15, 2001. About the same time, claimant’s treating psychiatrist, Dr. Glen Ruffin, opined that claimant was maximizing her disability. Dr. Rennie Culver, a psychiatrist who performed an IME of claimant, stated in his October 2001 report that claimant’s psychiatric problems were not caused by the work-related injury. In his opinion, she was able to perform all tasks required of her as a phlebotomist. The WCJ found claimant’s employer offered her employment in August 2001 that was consistent with her physical restrictions. The WCJ further concluded that claimant’s subjective complaints of pain were not supported by adequate lay or medical evidence and that she failed to meet her burden of proof that her pain was substantial enough to make her return to employment impossible.
As to defendant’s allegations that claimant has acted fraudulently in contravention of La. R.S. 23:1208, the WCJ found that her actions were not fraudulent even though the evidence called her credibility into question. He noted that the video surveillance alone was “unremarkable” in light of claimant’s | condition as expressed to her doctors. The WCJ concluded that further medical treatment beyond what was previously authorized was not warranted based on the judge’s observation that claimant was embellishing her complaints.
Based on these findings, the WCJ denied claimant’s request for additional indemnity and medical benefits. Claimant lodged this appeal.

DISCUSSION

On appeal, the claimant argues that the WCJ erred in failing to find that she had met her burden of proving entitlement to medical benefits and compensation and that Dr. Rosenfeld released her to her previous employment. The workers’ compensation judge’s factual findings are subject to the manifest error standard of appellate review. Edwards v. Sawyer Indus. Plastics, Inc., 99-2676 (La.6/30/00), 765 So.2d 328. We will set aside the hearing officer’s factual finding only if the record demonstrates that there was no reasonable basis for this factual finding and that this finding is clearly wrong. Hoy v. Gilbert, 98-1565 (La.3/2/99), 754 So.2d 207.
*255 The claimant contends that although Dr. Rosenfeld signed a letter releasing her to restricted duty in August 2001, she continued to treat with him, and Dynacare’s case manager made no efforts to follow up with him to determine her status. Defendants argue that the claimant should have returned to work when Dr. Rosenfeld released her to restricted duty. They note that Dr. Jackson concluded that there was no neurological basis for claimant’s subjective complaints of continued pain. Also, Dr. Ruffin, claimant’s treating psychiatrist, reported in August 2001 that she was maximizing her disability. Further, Dr. Cul-ver’s October 2001 report indicates claimant’s psychiatric problems were not the result of the work-related injury and that she could perform the tasks of a phlebo-tomist.
To qualify for temporary or permanent total disability benefits, a claimant must prove by clear and convincing evidence that she is unable to engage in any | Remployment. La. R.S. 23:1221(2)(c). In this case, the WCJ found that claimant was not totally disabled and that she was able to return to restricted work activity as of August 2001. This finding is supported by the record. Claimant’s testimony that she cannot perform any work was not corroborated by the expert testimony. Considering the evidence in this case, it was reasonable for the WCJ to conclude that the plaintiff had not met her burden of proving she was entitled to further medical benefits and compensation and that she was offered a job with Dynaeare consistent with the restrictions imposed by her doctors.
The claimant further contends that the trial court erred in failing to award penalties and attorneys’ fees, pursuant to LSA-R.S. 23:1201. The claimant argues that Dynaeare relied solely on Dr. Rosen-feld’s August 15, 2001 letter in deciding to terminate her benefits. Having reviewed the record, we cannot say defendants behaved in an arbitrary and capricious manner in light of the WCJ’s determination that the claimant had reached maximum medical improvement in August 2001 and that she was not entitled to further benefits. Thus, there is no basis for finding Dynaeare arbitrary and capricious for failing to pay additional benefits and compensation to claimant.
In an answer to the appeal, the defendants assert that the trial judge erred in failing to find the claimant in violation of LSA-R.S. 23:1208, thereby allowing Dynaeare to recover restitution damages and payments made after the termination of benefits on August 17, 2001. Under Section 1208, a party who willfully makes a false statement or representation for the purpose of obtaining benefits will have the benefits forfeited and may be subjected to criminal penalties. In his reasons for judgment, the trial judge found that “although the claimant’s actions in this case do not rise to the level of being fraudulent per R.S. 23:1208, the overall evidence illustrates the claimant’s credibility is called into question.” Our review of the | ¿record indicates that the WCJ found that claimant did not make fraudulent statements in order to obtain benefits and we find no manifest error in that ruling.

CONCLUSION

In summary, we conclude the factual findings of the hearing officer are not clearly wrong. Accordingly, the judgment of the WCJ is affirmed.
AFFIRMED.