# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

### 06-1088


**BRIAN DOYAL**

**VERSUS**

**VERNON PARISH SCHOOL BOARD**


**\*\*\*\*\*\*\*\*\*\***


APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION - DISTRICT  2
PARISH OF RAPIDES, NO. 04-05616
JAMES L. BRADDOCK, WORKERS' COMPENSATION JUDGE

**\*\*\*\*\*\*\*\*\*\***


**MARC T. AMY**
**JUDGE**

**\*\*\*\*\*\*\*\*\*\***


Court composed of Marc T. Amy, J. David Painter, and James T. Genovese, Judges.

**AFFIRMED.**

**Maria A. Losavio**
**Losavio Law Firm, LLC**
**Post Office Box 12420**
**Alexandria, LA   71315-2420**
**(318) 767-9033**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
    **Brian Doyal**

**Stacy C. Auzenne**
**Auzenne Law Firm, LLC**
**Post Office Drawer 11817**
**Alexandria, LA   71315-1817**
**(318) 880-0087**
**COUNSEL FOR DEFENDANT/APPELLANT:**
    **Vernon Parish School Board**

AMY, Judge.

The employee allegedly sustained injuries in an accident related to his employment as a cafeteria worker. The employer terminated benefits and sought a determination that the employee forfeited benefits due to what it asserted were fraudulent statements concerning the claim and failure to timely report wages from outside employment. The employee sought reinstatement of benefits as well as penalties and attorney's fees. The workers' compensation judge found in favor of the employee and awarded the relief sought. The employer appeals. The employee answers the appeal. We affirm.

### Factual and Procedural Background

The record establishes that Brian Doyal was employed by the Vernon Parish School Board as a cafeteria cook at East Leesville Elementary School. Mr. Doyal asserts that he sustained injury on October 9, 2003 when a sheet pan rack toppled against him and knocked him to the ground. He contends that a faulty wheel caused the accident.

Marsha Mayo, the cafeteria's assistant head cook, explained that she was nearby and that she responded to Mr. Doyal's moaning. She testified that she and Mr. Doyal lifted the sheet pan rack to its upright position. Later that afternoon, she completed an accident report form for Mr. Doyal.

Mr. Doyal reported to the emergency department of the Byrd Regional Hospital on the afternoon of the alleged accident. The department's records indicate that he complained of pain to the left shoulder, waist, hip, and lumbar spine and reveal a diagnosis of contusion to the left shoulder. He also complained of soreness over his rib cage. Mr. Doyal was instructed not to return to work until seeing his primary care physician. Although Mr. Doyal treated with various physicians, his complaints of

pain continued. Physicians ultimately recommended a diskectomy to alleviate pain from a herniated lumbar disc and a carpal tunnel release.

Initially, the School Board provided Mr. Doyal with temporary total disability benefits as well as medical benefits. However, the School Board provided its final indemnity payment in June 2004. According to Edyce Rivet, the Mor-Tem Risk Management claims representative assigned to the case, benefits were terminated after she learned that Mr. Doyal commenced summer employment as the kitchen manager for a local summer camp. Medical benefits were later terminated. The lumbar surgery and carpal tunnel release were not provided.

This matter was instituted on August 5, 2004 when the School Board filed a "Disputed Claim for Compensation" and, in its pre-trial statement, asserted that Mr. Doyal fraudulently accepted compensation benefits while earning in excess of ninety percent of his pre-accident wage, provided false statements regarding the occurrence of the accident, and failed to disclose pre-existing back injuries in his employment questionnaire and in the history provided to physicians who treated him after the accident. The School Board sought reimbursement of all indemnity, medical, and mileage benefits. Mr. Doyal filed his own claim and asserted entitlement to TTD benefits as well as penalties and attorney's fees due to the termination of benefits.

The workers' compensation judge denied the School Board's forfeiture claims, reinstated TTD benefits from the date they were last paid, and found Mr. Doyal entitled to continued medical care, including the recommended back surgery and carpal tunnel release. The trial court awarded $8,000.00 in penalties and $25,000.00 in attorney's fees pursuant to La.R.S. 23:1201(I).

The School Board appeals and argues that the workers' compensation judge erred in: 1) denying the claim for forfeiture of benefits under La.R.S. 23:1208 and La.R.S. 23:1208.1; 2) concluding that Mr. Doyal suffered a work-related accident; 3)

2

awarding penalties pursuant to La.R.S. 23:1201(I); and 4) ordering continued medical care and the lumbar and carpal tunnel surgeries. Mr. Doyal answers the appeal and asserts that he is due additional penalties for failure to authorize medical benefits. He also seeks additional attorney's fees for work performed on appeal.

**Discussion**

*Forfeiture - Louisiana Revised Statutes 23:1208.1*

The School Board first contends that the workers' compensation judge erred in denying its claim for forfeiture under La.R.S. 23:1208.1 as Mr. Doyal failed to disclose previous injuries in his employment health questionnaire. The School Board points to back, hip, shoulder, and leg injuries Mr. Doyal sustained when he fell from a roof in 1991 and notes that he denied injury to these areas in the employment questionnaire. At trial, Mr. Doyal explained that he completed the questionnaire with the assistance of School Board personnel and that he thought the inquiry pertained to whether he was currently having difficulty or whether he had suffered from the problems in the recent past.

Louisiana Revised Statutes 23:1208.1, entitled "Employer's inquiry into employee's previous injury claims; forfeiture of benefits[,]" provides:

> Nothing in this Title shall prohibit an employer from inquiring about previous injuries, disabilities, or other medical conditions and the employee shall answer truthfully; *failure to answer truthfully shall result in the employee's forfeiture of benefits under this Chapter, provided said failure to answer directly relates to the medical condition for which a claim for benefits is made or affects the employer's ability to receive reimbursement from the second injury fund.* This Section shall not be enforceable unless the written form on which the inquiries about previous medical conditions are made contains a notice advising the employee that his failure to answer truthfully may result in his forfeiture of worker's compensation benefits under R.S. 23:1208.1. Such notice shall be prominently displayed in bold faced block lettering of no less than ten point type.

(Emphasis added.) In *Nabors Drilling USA v. Davis*, 03-0136, pp. 5-7 (La. 10/21/03), 857 So.2d 407, 414-15, the supreme court explained:

3

Forfeiture is a harsh remedy; therefore, statutory forfeiture provisions such as LSA-R.S. 23:1208.1 must be strictly construed. *Wise v. J.E. Merit Constructors, Inc.*, 97-0684 (La.1/21/98), 707 So.2d 1214, 1218. By its express terms, LSA-R.S. 23:1208.1 provides for forfeiture under three circumstances. There must be (1) an untruthful statement; (2) prejudice to the employer; and (3) compliance with the notice requirements of the statute. *Id., citing Resweber v. Haroil Const. Co.*, 94-2708, 94-3138 (La.9/5/95), 660 So.2d 7. The employer has the burden of proving each of the elements required by the statute. *Wise*, 707 So.2d at 1218. The lack of any one of the elements is fatal to the employer's avoidance of liability under the statute. *Id.*

. . . .

The "prejudice" that must be incurred by the employer for forfeiture to apply is specifically defined by the statute. The untruthful statement must "directly relate[ ] to the medical condition for which a claim for benefits is made," or it must "affect[ ] the employer's ability to receive reimbursement from the second injury fund." LSA–R.S. 23:1208.1

A workers' compensation judge's factual findings relating to a forfeiture claim are subject to the manifest error/clearly wrong standard of review. *Chaisson v. Philip Services Corp.*, 05-340 (La.App. 3 Cir. 11/2/05), 917 So.2d 514.

A portion of the workers' compensation judge's reasons for ruling[1] in its denial

---

[1] The reasons for ruling, as it relates to both the forfeiture claims under La.R.S. 23:1208.1 and La.R.S. 23:1208 claims, reveals, in part:

> [W]ith regard to a 1208.1 claim and the Medical Questionnaire, there's certain things in Revised Statute 23:1378 that are presumed to be permanent/partial disabilities. None of those were available or present in Mr. Doyal's case. They were asked of him, and he denied them. The sine qua non of a 1208.1 is that the employer must show that the claimant had a known pre-existing permanent/partial disability that he lied about or that he failed to inform the employer about on the Post-hire Medical Questionnaire. In my perusal of the medical evidence, I have found no permanent/partial disability pre-existing the disability associated with the job accident. The case of Weis versus J.E. Merit Constructors, Incorporated addresses this issue. The case of - - in fact, what happened in this case was the Medical Questionnaire was very broad and over vague with regard to, "Have you ever had" - - the assertion that Mr. Doyal misinformed anybody about headaches, hip problems or arthritic problems. Mr. Doyal, in this Court's view, was a very simple man. He did - - despite the argument presented by the employer in Brief, he did very poorly in school. I reviewed his school records. . . . He as [sic] just an ordinary fellow. Plain and genuine. True blue. Very credible. Never once did he waiver. Never once did he fidget. The simple showing of missatements with regard to past medical activities is insufficient to sustain a 1208.1 defense. There are other things the employer must do. They must show that they were prejudiced by the failure to disclose a known pre-existing permanent/partial disability. I have searched in vain to see if there is any medical records to show that this was inevitable to follow from the accident described. And, of course, I relied upon the case of Nabors Drilling,

4

of the La.R.S. 23:1208.1 claim related to the credibility findings it afforded the testimony of Mr. Doyal. Otherwise, the workers' compensation judge focused on the School Board's failure to satisfy the specific requirements of La.R.S. 23:1208.1. This

U.S.A. versus Davis, a Supreme Court case, 857 So.2d, 407, and Hickman versus Jim Smith Logging, 883 So.2d, 1072, a third circuit case September 2004. Now, I note with regard to the argument made by the employer that, "Look, Mr. Doyal signed the Post-hire Medical Questionnaire." And so look at the Price versus Breaux Brothers case. It's well settled that, you know, he signed it, he has to live with it. However, in Hickman versus Jim Smith Logging the Third Circuit declined to follow the Price versus Breaux Brothers case with regard to the effect of a signature on an instrument which the individual signer did not read. I am not convinced at all that Mr. Doyal had any clear understanding of the questions being asked him giving [sic] his educational record. Hickman talks about what is necessary to prove directly related to, and somehow the employer argues that he had this T-9 fracture. He had some hip problems. He had some headache problems. He had a multiplicity of problems. None of which Mr. Doyal really denied at trial, although he failed to recall all of those at his deposition. And, in fact, he - - after his deposition was taken, he made an effort to correct his deposition. And before he could correct that deposition, an amended claim was filed that he lied about these previous problems. So I thought I'd have to take a look at that type of issue, and I note the case of Freiman versus Triad Builders, a 902 So.2d 1220, Second Circuit case decided May 11th of 2005, where the employer said, "Look, Mr. Freiman's lied about his driving capabilities. We took his deposition, and he said he can't drive more than a hundred yards. Look at our video. He drove from Shriever, Louisiana to Shreveport, Louisiana.["] After his deposition was taken, Mr. Freiman's wife corrected him and said, "Hey, didn't you remember your driving?" So he thereafter corrected his deposition testimony. Mr. Doyal had no significant problems after his T-9 fracture of any great merit. It's true that he sued his brother, but his testimony at trial was, "The only reason I sued my brother and his insurance was because I needed somebody to pay the medical bills I had." Now, as any great attorney would do when the suit was filed, they alleged a multiplicity and a sundry of things just like a criminal prosecutor brings great charges in an effort to have, perhaps, a plea bargain to something much less. Now, Mr. Doyal said the claim was settled and there was no trial, and he got his medical bills paid. And that's what happened with respect to falling off the trailer.

Moreover, with regard to the case of Hickman versus Jim Smith Logging, there was no medical evidence or testimony presented that because he had a T-9 fracture, headaches, hip problems, et cetera, that the injuries he sustained when the pan rack fell on him were inevitable or very likely to occur. The fact of the matter is that once all of the past medical records were made known to the various physicians, they said it wouldn't change their opinion about the cause of Mr. Doyal's injuries, that being his injuries sustained from the pan rack fall. This being the case, it has been found in the case of Hutchinson versus Aldworth Company, Incorporated, 888 So.2d, Page 1052, that when the employer failed to put forth any evidence that the physicians' opinions would be changed, they have not sufficiently proved a 1208 violation. I guess there appears to be some argument as well by the employer that he had some degenerative type problems and that his continuing complaints are all associated with that. However, the fact of the matter is Mr. Doyal has a disc injury, a severe disk injury, which the physicians say given his age, is traumatic in nature and not the result of any degenerative condition. Since I have concluded that Mr. Doyal has proven by a preponderance of the evidence that the accident occurred, the 1208 argument made with respect to his alleged misrepresentations about that are really mute [sic].

5

determination is supported by the record as the School Board failed to put forth evidence indicating how the previous injuries were related to those now alleged. At most, comparison of the medical records reveals complaints of pain to similar parts of the body. Of further significance, the School Board failed to put forth evidence indicating that any knowledge that it could have obtained by disclosure would have permitted it to recover under the second injury fund. *See* La.R.S. 23:1378.

This argument lacks merit.

*Forfeiture - Louisiana Revised Statutes 23:1208*

The School Board also appeals its La.R.S. 23:1208 claim and again asserts that it was entitled to forfeiture due to Mr. Doyal's failure to apprise physicians of his past injuries and due to statements he made in his deposition regarding his earlier accidents and pre-existing injuries. The School Board also contends that Mr. Doyal accepted workers' compensation benefits while he was earning wages as the kitchen manager at the children's summer camp.

Louisiana Revised Statutes 23:1208, entitled "Misrepresentations concerning benefit payments; penalty," provides, in part:

> A. It shall be unlawful for any person, for the purpose of obtaining or defeating any benefit or payment under the provisions of this Chapter, either for himself or for any other person, to willfully make a false statement or representation.
>
> . . . .
>
> E. Any employee violating this Section shall, upon determination by workers' compensation judge, forfeit any right to compensation benefits under this Chapter.

The above provision requires only "that (1) there is a false statement or representation, (2) it is willfully made, and (3) it is made for the purpose of obtaining or defeating any benefit or payment" before the forfeiture required by La.R.S. 23:1208 is applied. *Resweber v. Haroil Constr. Co.*, 94-2708, p. 7 (La.9/5/95), 660

6

So.2d 7, 12. A workers' compensation judge's determination as to the existence of the above factors will not be reversed on appeal absent manifest error. *Murphy v. Brookshire Grocery Co.*, 02-808 (La.App. 3 Cir. 12/11/02), 832 So.2d 1157. After review of the record, we find no such error in the workers' compensation judge's determination.

Many of the misstatements/omissions complained of by the School Board stem from remarks and notations made within various medical records. The School Board's allegations presume that Mr. Doyal had a thorough and sophisticated understanding of his physicians' reporting of his condition from the previous decade. The record supports a determination that Mr. Doyal could have been unaware of these notations and that this lack of understanding and related failure to report did not warrant forfeiture. As the reasons for ruling indicate, the workers' compensation judge assessed Mr. Doyal's credibility and, at various times, considered Mr. Doyal's educational background and intellectual capacity before concluding that the statements complained of were not willfully made for the purpose of obtaining benefits. This type of credibility determination is solely within the workers' compensation judge's province. *Derouen v. C&D Prod. Spec.*, 98-57 (La.App. 3 Cir. 6/3/98), 718 So.2d 460. In short, even if false, the statements/omissions, whether to physicians or in Mr. Doyal's deposition, were not of the nature that *required* the workers' compensation judge to conclude that they were made for the purpose of obtaining benefits.

Neither do we find merit in the assertion that forfeiture was required due to Mr. Doyal's summer employment with the School Board. There is no indication that Mr. Doyal impermissibly withheld information regarding his employment or that he was working in any capacity unacceptable to his physicians. He was provided flexible working conditions and was able to work in response to his needs and abilities.

7

Earnings were reported and compensation benefits that were paid were reimbursed. The workers' compensation judge was not required to find that this occurrence warranted forfeiture.

This argument lacks merit.

*Work-Related Accident*

The School Board next questions the determination that Mr. Doyal suffered injuries as a result of a work-related accident. As it did at trial, the School Board contends that Mr. Doyal's version of events regarding the sheet pan rack falling was fabricated and that it was not corroborated by surrounding circumstances.

As the claimant, Mr. Doyal was required to establish, by a preponderance of the evidence, that he received "personal injury by accident arising out of and in the course of his employment[.]" La.R.S. 23:1031(A). *See also Hoy v. Gilbert*, 98-1565 (La. 3/2/99), 754 So.2d 207. A workers' compensation judge's factual determinations regarding this burden are subject to the manifest error standard of review. *Id.* The workers' compensation judge's reasons for ruling reveal an assessment of credibility in favor of Mr. Doyal and those witnesses who corroborated certain aspects of his version of events. The workers' compensation judge afforded little weight to those witnesses presented by the School Board in support of its position that the incident was fabricated. After review, we find that the record supports these determinations.

Mr. Doyal testified that the sheet pan rack fell onto him after a wheel gave way and knocked him to the ground. Ms. Mayo testified that she heard Mr. Doyal moaning and, finding both Mr. Doyal and the sheet pan rack on the floor, assisted with lifting the rack from the floor. She also explained that, although the rack's wheel was intact, the adjoining metal flange was bent. Princess Dorsey, one of Mr. Doyal's co-workers, also testified that she responded immediately afterwards. While the particulars of Ms. Dorsey's accounting of the event were contested throughout the

8

litigation, Ms. Dorsey explained at trial that when she entered the kitchen, she saw Mr. Doyal lifting himself from the floor and that she asked him whether he was allright. Additionally, Johnnie Dubois testified that, although she was outside at the time of the incident, she returned to find Mr. Doyal sitting in a chair and holding his left arm. She explained that it appeared that he was "hurting" at the time. Ms. Mayo completed the accident report the same day and, later that afternoon, Mr. Doyal reported to the hospital. The hospital's records indicate that he complained of soreness and include a notation of contusion to the left shoulder.

The School Board points to a variety of alleged inconsistencies within and between accounts of the event which it contends prevent a finding that Mr. Doyal's evidence established a work-related accident and injury. At trial, the School Board focused on a lack of witness accounts regarding the noise that it asserts must have been produced by the pans and rack falling to the floor. All of these factors, including inconsistencies extracted from witness statements and medical records, were heard at trial. According to the reasons for ruling, they were generally accorded little weight. We find no manifest error in the workers' compensation judge's determination in this regard.

This assignment lacks merit.

*Penalties and Attorney's Fees*

The School Board next questions the determination that penalties and attorney's fees were due for termination of benefits. Louisiana Revised Statutes 23:1201(I) provides, in part:

> Any employer or insurer who at any time discontinues payment of claims due and arising under this Chapter, when such discontinuance is found to be arbitrary, capricious, or without probable cause, shall be subject to the payment of a penalty not to exceed eight thousand dollars and a reasonable attorney fee for the prosecution and collection of such claims.

9

In determining whether an employer's actions are arbitrary and capricious, the crucial inquiry is whether the employer can articulate an objective reason for terminating benefits at the time of the termination. *Frith v. Riverwood, Inc.,* 04-1086 (La. 1/19/05), 892 So.2d 7. Since the determination of whether an employer was arbitrary and capricious is essentially a question of fact, it is subject to the manifest error or clearly wrong standard of review. *Id.*

In awarding penalties and attorney's fees, the workers' compensation judge explained:

> The Court finds that the employer's termination of benefits in August of 2004 after they had received information that Mr. Doyal supplied them that he was working was arbitrary, capricious and unreasonable. The continued denial of his claims for benefits remained arbitrary, capricious and unreasonable in light of the fact that the employer chose to ignore all of the inconsistencies in their own witnesses' versions of the incidents, chose to ignore the medical records and somehow argued that Mr. Doyal doesn't have a significant problem when it's all been found and substantiated by the medical professionals who agree that he needs surgery. In fact, he has a right leg atrophy due to the nerve damage associated with the disc herniation. They have not complied with their continuing duty to make themselves aware of the proper jurisprudence that resolves and addresses these types of issues . . . .
>
> The Court finds that, of course, the termination and the continued termination and refusal to reinstate[,] arbitrary and capricious and unreasonable. I award an Eight Thousand Dollar ($8,000.00) penalty.

We find no manifest error in this determination.

The School Board asserts that it had an objective reason for terminating benefits as it learned that Mr. Doyal was employed by the summer camp and that he failed to timely inform the School Board of these earnings. The workers' compensation judge was not required to find this point persuasive as testimony indicates that Mr. Doyal's temporary work with the summer camp was extremely limited in terms of both hours and physical effort. A portion of his responsibilities involved training his replacement as he could no longer perform the work. Similar

light duty or sedentary work was not available with the School Board. Furthermore, while the School Board points to a failure to report earnings as a basis for the termination, the record indicates that Mr. Doyal, in fact, reported his earnings and returned TTD benefits that were erroneously paid after he began receiving wages. In any event, there is no indication that this information could not have served as a valid basis for the termination of medical benefits which occurred shortly after termination of indemnity benefits.

Again, the School Board points to inconsistencies in witness accounts and Mr. Doyal's medical complaints. It argues that these provided it with a reasonable basis for questioning the occurrence of the accident. As reference to the reasons for ruling reveal, the workers' compensation judge found the School Board's reliance on these alleged inconsistencies unreasonable as it seized upon alleged inconsistencies in statements in support of Mr. Doyal, but ignored similar inconsistencies in its own witness accounts.

This assignment lacks merit.

*Continued Medical Treatment*

Neither do we find merit in the School Board's final assignment of error in which it questions the award of continuing medical treatment of the low back condition and the carpal tunnel surgery recommended by his physicians. In a July 2004 report, Dr. Bradley Bartholomew, a neurosurgeon, recommended that, after further testing to rule out additional problems in the cervical spine, Mr. Doyal undergo a decompression and diskectomy at the L4-5 level. Dr. Donald Smith, a neurosurgeon who saw Mr. Doyal upon referral by the School Board, concurred in December 2004 that Mr. Doyal may require the recommended lumbar surgery and further recommended that he have the carpal tunnel surgery ordered by the workers' compensation court. Although the School Board argues that these recommendations

11

were made without knowledge of Mr. Doyal's medical history, a February 2005 letter from Dr. Smith indicates, after he was provided with records revealing Mr. Doyal's previous treatment and complaints, that: "No specific additional findings were recorded at any of these visits that would change my initial evaluation and impression as stated on the reports of 13 December 2004."

This assignment lacks merit.

*Additional Penalties*

Penalties in the amount of $8,000.00 were awarded pursuant to La.R.S. 23:1201(I). In his answer to the appeal, Mr. Doyal contends that the workers' compensation judge should have awarded separate $8,000.00 penalties under La.R.S. 23:1201(I) for termination of indemnity benefits and for termination of medical benefits. The wording of La.R.S. 23:1201(I), set forth herein, indicates otherwise. The paragraph speaks broadly of "claims" and subjects an employer to "a penalty not to exceed eight thousand dollars . . ." In light of this language, the workers' compensation judge did not err in awarding a single, $8,000.00 penalty.

Mr. Doyal also suggests that an additional penalty should have been awarded under La.R.S. 23:1201(F), the paragraph providing for penalties in the event that payments are not made. Again, we find no merit in this argument. In this case, both indemnity and medical benefits were initially provided and later terminated. Thus, the workers' compensation judge appropriately limited penalties in this situation in accordance with La.R.S. 23:1201(I).

*Attorney's Fees*

The workers' compensation judge awarded $25,000.00 in attorney's fees. The School Board did not appeal the quantum of that award in its appeal. In his answer, Mr. Doyal seeks additional attorney's fees for work performed on appeal. In light of our earlier affirmation of the award of penalties and attorney's fees under La.R.S.

12

23:1201(I), we award additional attorney's fees for work performed on appeal in the amount of $2,500.00.

## DECREE

For the foregoing reasons, the ruling of the workers' compensation judge is affirmed. Additional attorney's fees in the amount of $2,500.00 are awarded to the appellee, Brian Doyal. Costs of this proceeding are assessed to the appellant, the Vernon Parish School Board, in the amount of $5,537.45.

**AFFIRMED.**